## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANLEY LEMECH PETTY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1435 (RJL) |
| | ) | |
| SIMON T. WAINWRIGHT, | ) | |
| | ) | |
| Respondent. [1] | ) | |

### MEMORANDUM OPINION [# 1]
December **31**, 2012

Petitioner has filed a petition for a writ of habeas corpus. On consideration of the

petition and the response to the Court's order to show cause, the petition is **DENIED**, and

for the reasons discussed below, the action is **DISMISSED**.

### BACKGROUND

On January 30, 2004 in the Superior Court of the District of Columbia, petitioner

was sentenced to a five-year prison term followed by a three-year term of supervised

release, which commenced on June 12, 2008. U.S. Parole Comm'n's Opp'n to Pet'r's

Pet. For a Writ of Habeas Corpus ("Resp't's Opp'n") [Dkt. # 12], Ex. A (Sentence

---

[1]      When petitioner filed this action, he was detained at the D.C. Jail, the warden of which is Simon Wainwright. This Court retains jurisdiction over this matter notwithstanding petitioner's transfer to the Federal Correctional Institution in Fairton, New Jersey, *see Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004), and the proper respondent to this action now is the Warden of FCI Fairton. *See id.* at 435.

Monitoring Computation Data as of 06-12-2008); *see* Resp't's Opp'n, Ex. B (Certificate

of Supervised Release).

On January 14, 2011, the United States Parole Commission ("USPC") issued a

warrant for petitioner's arrest, charging him with violations of the following conditions of

his supervised release: (1) use of a dangerous and habit forming drug (cocaine) (Charge

No. 1); (2) driving a vehicle with stolen tags and operating the vehicle without a valid

license (Charge No. 2); and (3) assault (Charge No. 3).[2]  Resp't's Opp'n, Ex. C (Warrant

Application) at 2.  Petitioner was arrested and returned to custody on January 24, 2011.

Resp't's Opp'n, Ex. D (United States Marshal's Return to the United States Parole

Commission).

A hearing examiner conducted a probable cause hearing on January 28, 2011, at

which petitioner was represented by counsel.   Resp't's Opp'n, Ex. E (D.C. Probable

Cause Hearing Digest) at 1.  She found probable cause to believe that petitioner had

committed the first and third of the alleged violations, *id.* at 2-3, and recommended that

---

[2]      The circumstances of the assault (Charge No. 3) were described as follows:

> On 11/25/2010, the releasee was engaged in a verbal
> altercation with the victim, regarding the return of personal
> items.  Prior to exiting the victim's residence, the releasee
> threw computer hardware at the victim, striking [her] in the
> face.  The victim was treated for lacerations and bleeding.
> The releasee was arrested by the Washington MPD for
> [assault] on 11/25/2010.   This charge is based on the
> information contained in the sworn police affidavit dated
> 11/25/2010.

Resp't's Opp'n, Ex. C (Warrant Application dated January 21, 2011) at 2.

supervision be reinstated pending the revocation hearing, *id.* at 5-6.[3]  The USPC

disagreed with this recommendation, however, and directed that petitioner remain in

custody pending a revocation hearing.  Resp't's Opp'n, Ex. F (Notice of Action dated

February 7, 2011).

The revocation hearing was set for March 2, 2011, Resp't's Opp'n, Ex. G

(Scheduling Coversheet), but the matter was continued because petitioner's counsel was

not available on that date.  Resp't's Opp'n, Ex. H (Order dated March 2, 2011); Resp't's

Opp'n, Ex. I (Notice of Action dated April 5, 2011).  A second continuance was granted

in order that a subpoena issue for the appearance of an adverse witness.  Resp't's Opp'n,

Ex. K (Order dated May 4, 2011).  The hearing finally took place on May 16, 2011.

Resp't's Opp'n, Ex. M (Hearing Summary) at 1.  Petitioner waived his right to counsel.

*Id.*

With respect to Charge No. 1, the hearing examiner found that petitioner had

tested positive for cocaine on two occasions.  *See id.* at 2; *see also* Resp't's Opp'n, Ex. C

(Warrant Application) at 2.  As to Charge No. 3, notwithstanding the complaining

witness's failure to appear at the revocation hearing, and based in part on testimony

provided by the Metropolitan Police Department officer who arrested petitioner, the

hearing examiner found that petitioner had committed assault.  Resp't's Opp'n, Ex. M at

3.  He recommended revocation of petitioner's supervised release and service of a new

12-month term of imprisonment, the time period of which commenced on January 24,

---

[3]      The hearing examiner did not find probable cause on Charge No. 2.  *Id.* at 2-3.

2011, the date of the execution of the violator warrant). *Id.* at 4. The USPC concurred with the recommendation:

> Revoke term of supervised release. You shall serve a new term of imprisonment of 12 month(s) from January 24, 2011, the date the warrant was executed. No new term of supervised release to follow since the new term of imprisonment imposed will exhaust the maximum authorized new term of imprisonment.

Resp't's Opp'n, Ex. N (Notice of Action dated June 29, 2011) at 1.

## DISCUSSION

Petitioner sets forth four grounds for granting his petition; the Court addresses each in turn.

### A. Ground One – Right to Counsel

At the probable cause hearing, petitioner had been represented by counsel from the Public Defender Service of the District of Columbia. *See* Resp't's Opp'n, Ex. E at 1. He "terminated counsel of record for numerous violations that were reported" to her supervisor "but went unre[s]olved during the pendency of [the] revocation proceeding." Pet. for Writ of Habeas Corpus by a Person in Custody in the District of Columbia ("Pet") [Dkt. #1] at 7 (Ground One, Con't). According to the record, however, petitioner waived his right to counsel at the May 16, 2011 revocation hearing. Resp't's Opp'n, Ex. M at 1. As such, petitioner cannot now claim to have been denied "a competent, licensed attorney," Pet. at 7, when he "terminated" counsel. Moreover, the right to counsel generally does not attach to a revocation proceeding. *See Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 366 n.5 (1998).

*B.  Ground Two – Missing Witnesses*

Petitioner states that the complaining witnesses did not appear at his revocation

hearing.  Pet. at 7 (Ground Two, Con't).  Petitioner faults respondent for "failing to make

available for questioning," *inter alia*, a forensic technician who would have had

information pertaining to his drug test results, petitioner's community supervision officer,

and the alleged victim of the assault set forth in Charge No. 3.  *See id.* at 7-8.  Petitioner

claims that he was denied his "constitutional, statutory, and regulatory right to confront

and cross-examine all adverse witnesses."  *Id.* at 7.

Petitioner is reminded that a supervision revocation hearing is *not* a criminal

proceeding to which "the full panoply of rights due a [criminal] defendant" attach.  *See*

*Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (citation omitted).  Rather, a supervision

revocation hearing is administrative in nature.  *See Maddox v. Elzie*, 238 F. 3d 437, 445

(D.C. Cir. 2001) ("[P]arole revocation is not the continuation of a criminal trial but a

separate administrative proceeding at which the parolee does not possess the same rights

as a criminal defendant at trial.") (citation omitted). [4]

---

[4]     Supervised release is considered the functional equivalent of parole.  *See Anderson v. U.S. Parole Comm'n,* No. 10-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010) ("For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release.") (citations omitted); *see also Jones v. United States,* 669 A.2d 724, 727 (D.C. 1995) ("A supervised release revocation hearing is the functional equivalent of a probation or parole revocation hearing.").

Petitioner, of course, is entitled to call and cross-examine witnesses, *see* 28 C.F.R.

§ 2.216(c), unless the hearing examiner excuses a witness from appearing at the hearing

for good cause, *id.* § 2.216(d).  Good cause exists, for example, where "the witness [is]

not . . . reasonably available [and] when the [USPC] has documentary evidence that is an

adequate substitute for live testimony." *Id.*  Petitioner's lack of opportunity to cross-

examine witnesses rises to the level of a constitutional violation only if prejudice results.

*See Ash v. Reilly*, 431 F.3d 826, 830 (D.C. Cir. 2005).  Here, petitioner shows neither that

he was unable to present his full case to the hearing examiner, nor that he could have

elicited testimony from a missing witness which may have altered the outcome of the

proceeding.  *See Maddox*, 238 F.3d at 444-45 (finding no prejudice where parolee was

able to present his "full case" of innocence to the parole board and his counsel "neither

objected to [*ex parte* communication] nor otherwise indicated to the Board that the

revocation hearing was tainted"); *Roper v. Caulfield*, No. 07-0148, 2007 WL 2071641, at

*3 (D.D.C. July 19, 2007) (noting that petitioner "has not indicated what testimony he

could have elicited from [the missing adverse witness] that may have changed the

outcome of the proceeding.") (citation omitted).  As such, the petitioner's missing

witness contention is equally unavailing.

### C.  Ground Three – Refusal to Reinstate Supervision[5]

Petitioner asserts that the USPC erred not only by failing to follow the hearing examiner's recommendation to reinstate him to supervision after probable cause hearing pending revocation hearing, but also by failing to provide him a written statement of the basis for its decision. *See* Pet. at 5; *see id.* at 8-9 (Ground Three, Con't). I disagree. Although the USPC "may order [a] releasee's reinstatement to supervision . . . pending further proceedings" upon a finding of probable cause, 28 C.F.R. § 2.214(g), the USPC is not obligated to do so. Petitioner cites no authority for the proposition that the USPC is obliged to follow the recommendation of a hearing examiner with respect to the reinstatement of supervision pending a revocation hearing. And, not surprisingly, none exists!

### D.  Ground Four – Dismissal of Assault Charge

---

[5]      Petitioner also contends that the USPC failed to conduct a timely revocation hearing. *See* Pet. at 9 (Ground Three, Con't). A delay in the revocation hearing "is not itself a valid ground for immediate release," and instead a releasee's "remedy . . . is an action to compel a hearing." *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010) (citation omitted); *see Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence.") (citations omitted). The record demonstrates that the petitioner's final supervised release revocation hearing has taken place, and, therefore, he is not entitled to mandamus relief. Habeas relief would be available "only . . . where a petitioner establishes that the [USPC's] delay in holding a revocation hearing was both unreasonable and prejudicial," *Sutherland*, 709 F.2d at 732 (citations omitted), and petitioner does not allege to have suffered any harm due to the delay. Moreover, the delay is due in part to petitioner's request for a continuance because his attorney was not available on the date set for the hearing.

Finally, according to petitioner, the USPC found that he had committed assault even though the Superior Court had dismissed the criminal charge, thereby violating "the constitutional principal of separation of powers." Pet. at 6. The USPC is not a court, petitioner contends, yet it "ma[de] a judicial determination that [he] had violated a provision of the District of Columbia . . . Code" after having accepting testimony that would have been inadmissible at trial. *Id.* In this way, petitioner argues, the USPC "usurp[ed] the adjudicative power of the Superior Court . . . and impermissibly threaten[ed] the institutional integrity of the judicial branch of government." *Id.* at 9 (Ground Four, continued). Not quite!

Although the sentencing judge in the Superior Court sets the length of an offender's term of supervised release, the releasee is "subject to the authority of the [USPC] until completion of the term of supervised release." D.C. Code § 24-403.01(b)(6).[6] The statutes under which the USPC operates "govern the execution of a judicially imposed sentence." *Moore v. U.S. Parole Comm'n*, No. 10-1987, 2011 WL 550003, at *1 (D.D.C. Feb. 10, 2011). The USPC "does not usurp a judicial function when, as here, it acts 'pursuant to the parole laws and regulations of the District of Columbia.'" *Thompson v. D.C. Dep't of Corr.*, 511 F. Supp. 2d 111, 114 (D.D.C. 2007)

---

[6]  "The [USPC] shall have and exercise the same authority as is vested in the United States District Courts by 18 U.S.C. § 3583(d)-(i)." D.C. Code § 24.403.01(b)(6). Under this authority, the USPC may impose and modify conditions of, and may revoke supervised release, *see* 18 U.S.C. § 3583(d), (e), and may reinstate supervised release after its revocation, *id.* § 3853(h).

(quoting D.C. Code § 24-131(c)). The same is equally true, of course, with respect to

USPC actions that impact a term of supervised release.

Furthermore, it mattered not that the assault charge had been dismissed by the

Superior Court. *See Crawford v. Barry,* No. 95-7073, 1996 WL 734096, at * 1 (D.C. Cir.

Nov. 8, 1996) (per curiam) (finding that Parole Board properly relied on criminal charge

of which appellant had been acquitted). The USPC need only "find[] by a preponderance

of the evidence that the release has violated one or more conditions of supervised release"

to revoke release. 28 C.F.R. § 2.218(a). The USPC is authorized to consider any

relevant information, including facts underlying a criminal charge, in its deliberations.

*See Briscoe-El v. Gaines,* No. 05-2240, 2006 WL 1726753, at *3 (D.D.C. June 21, 2006)

(noting that the USPC "was authorized to consider any relevant information, including

facts underlying a criminal charge," even if petitioner had been acquitted of the charge);

*see also* 28 C.F.R. § 2.216(e) (directing hearing examiner to disclose "[a]ll evidence

upon which a finding of violation may be based," including "other documents describing

the charged violation or violations, and any additional evidence upon which the [USPC]

intends to rely in determining whether the charged violation or violations, if sustained,

would warrant revocation of supervised release").

The Court may disturb a revocation decision only if it "is . . . totally lacking in

evidentiary support or . . . so irrational as to be fundamentally unfair." *Singletary v.*

*Reilly,* 452 F.3d 868, 872 (D.C. Cir. 2006) (citing *Duckett v. Quick,* 282 F.3d 844, 847

(D.C. Cir. 2002)) (internal quotation marks omitted). In this case, the hearing examiner's

finding on Charge No. 3 is based on the arresting officer's testimony and the police report. As such, the USPC has a rational basis for finding that petitioner violated a condition of his supervised release, and petitioner has made no showing to the contrary.

## CONCLUSION

Petitioner, in sum, has failed to demonstrate that his "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the petition for a writ of habeas corpus will be denied. An Order consistent with this decision is issued separately.

RICHARD J. LEON
United States District Judge